IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASI BUSINESS SOLUTIONS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>OTSUKA AMERICA<br>PHARMACEUTICAL, INC.,<br><br>        Defendant. | Civil Action No. 2:16-cv-05514-ER |

**DEFENDANT OTSUKA AMERICA PHARMACEUTICAL, INC.'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Otsuka America Pharmaceutical, Inc. ("OAPI"), by its counsel, requests that Plaintiff ASI Business Solutions, Inc. answer the following interrogatories within thirty (30) days of service hereof in accordance with the instructions set forth below.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms and phrases shall have the following meanings:

1. "Plaintiff," "ASI", "you," or "your" means Plaintiff, ASI Business Solutions, Inc., and all persons acting on its behalf, including its officers, directors, employees, and all other persons acting on its behalf, including, but not limited to, its agents, investigators, and representatives.

2. "ASI software," "ASI's product," "INSIGHTS software," "INSIGHTS program," or "INSIGHTS" means the product OAPI licensed from ASI under the Master Services Agreement.

3. "Otsuka America Pharmaceutical, Inc.," "OAPI," or "Defendant" means Defendant Otsuka America Pharmaceutical Inc., including its officers, directors, employees, and all other persons acting on its behalf, including, but not limited to, its agents, investigators, and representatives.

4. "Person" means any natural person, corporation, partnership, government or government agency, proprietorship, joint venture, trust, estate, and all other forms of legal entity.

5. "Complaint" and "Verified Complaint" mean the "Verified Complaint" filed by Plaintiff, Civil Action No: 16-5514, in the United States District Court for the Eastern District Court of Pennsylvania on or about October 21, 2016 but shall also include any subsequent amendments.

6. Whenever appropriate, the singular form of a word shall refer to the plural and words used in the masculine gender shall also include the feminine and vice-versa. Similarly, the words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of the production request.

7. "Relates to" and "relating to" mean evidences, reflects, constitutes, refers to, contradicts, supports, or in any other way is logically or factually connected to the matter discussed.

8. "Communication" means any transmission of words or thoughts between or among two or more persons, whether written or oral. The term includes, but is not limited to, conversations, conferences, discussions, memoranda, correspondence, reports and/or publications.

9. "Document" is defined in OAPI's First Request for Production of Documents and that definition is incorporated herein.

10. "Identify" means, when referring to a natural person, to give, to the extent known, the person's full name, present or last known address, telephone numbers, and email addresses, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. "Identify" means, with respect to any entity other than a natural person, to set forth the full name or title of the entity and, on the first occasion that such entity is identified, list the entity's address.

12. "Identify," when used in reference to a document or other tangible item, means (regardless of whether any claim of privilege is asserted) to state the following information:

    a. Its character or nature (e.g., letter, memorandum, report, etc.);

    b. The date it bears or, if undated, the date it was written or created;

    c. The identity of the person(s) who wrote or created it;

    d. The identity of the person(s) who received it;

    e. Its file number or other identifying mark or code;

    f. Its general subject matter and a summary of its contents; and

    g. Its present or last known location or custodian.

13. "Identify," when used in reference to an oral communication or other event, means to set forth the following information:

    a. Its substance;

    b. The date and time it occurred;

   c.  The place it occurred and, if different (as with a telephone communication), the place it was received;

   d.  For a communication, the identity of each originator and recipient, and for an event, the identity of each participant; and

   e.  The identities of all persons present when the communication or event occurred.

14. "Describe," "explain," or "state," when used in reference to a factual situation, means to state with particularity all facts known to you, connected with, bearing upon, or relating to the matters contained in the interrogatory.

15. "State each and every fact," when used in reference to an allegation, contention, assertion or reference, means to: (1) state in detail those relevant facts, to the extent of your present knowledge, which you or your agents can ascertain by diligent search, or whose probable existence is known to you although you have not yet apprised yourself fully of the truth; and, (2) with respect to each fact, to identify all persons having knowledge of such facts.

16. Where you are required to identify documents or materials, in lieu of making such identification, you may furnish simultaneously with the filing of your answers such documents and materials for inspection and copying or reproduction by the undersigned attorneys.

17. If any information sought by these Interrogatories is claimed to be immune from discovery on the grounds of privilege or otherwise:

   a.  Identify the communication or document;

   b.  Identify the person or persons making the communication or authoring the document and all persons receiving the information;

   c.  Specify the type of privilege or other reason asserted for withholding the

            requested information;

        d.     Specify the basis for the assertion; and

        e.     Describe the withheld information to a degree sufficient to enable the court to decide if such claim has been properly invoked.

18. These Interrogatories are to be regarded as continuing. You are required to supplement or modify any answer given as additional or different information becomes known to you until the conclusion of the trial of this action.

19. Each interrogatory is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is incomplete shall not be used as an excuse for failure to answer as fully as possible. The omission of any name, fact, or other information from the answers shall be deemed a representation that such name, fact, or item was not known to Plaintiff, its counsel, or other representatives at the time of service of the answers.

## **INTERROGATORIES**

1. Identify each person you believe has knowledge or information of any facts relating to the allegations in the Complaint by providing the name, address, and home and business telephone numbers of each person, and a detailed description of the knowledge or information believed to be possessed by each person.

2. Identify all persons you expect to testify as witnesses in this matter and summarize the facts to which you expect each individual will testify.

3. Identify all documents relevant to the contentions in the Complaint, describe each such document, and identify the person or entity most likely to have possession, custody, or control of such document.

4. Describe in detail all steps ASI has taken on or after September 4, 2016 to keep OAPI from accessing ASI data, software, or other confidential information.

5. Identify the factual basis for ASI's contention that OAPI failed to delete ASI's data, software, or other confidential information from its systems and hardware.

6. As to the system access requests referenced in paragraph 29 of the Verified Complaint, for each such request identify any and all information you have related to each such system access request, including the IP address or any other access source identifier, the date of access, the time of access, usernames, passwords, and/or user access reports or data or information that could be used to generate a user access report, and all efforts you made to confirm the source, as well as all information obtainable about the source.

7. Identify each and every fact that supports the statement in paragraph 35 of the Verified Complaint that Otsuka "continued to use ASI's software to make system-access requests to ASI" after September 26, 2016 including, for each such alleged request, identify any and all information you have related to each such system access request, including the IP address or any other access source identifier, the date of access, the time of access, usernames, passwords, and/or user access reports or data or information that could be used to generate a user

access report, and all efforts you made to confirm the source, and all information obtainable about the source.

8. Identify each and every fact that supports the statement in paragraph 37 of the Verified Complaint that Otsuka "continued use of ASI's software after September 26, 2016," including but not limited to identifying precisely what is the "ASI software" to which you refer, who used "ASI's software," how they used "ASI's software," what information they accessed, how long they used the software, and what if any confidential information they could have obtained from such use.

9. Identify the factual basis for ASI's contention that OAPI "has the ability to use ASI's trade secret software locally," including but not limited to a description of all trade secrets accessible from using the software locally and how those trade secrets are accessed.

10. Identify the factual basis for ASI's contention that "Otsuka is improperly allowing its software developer, Genpact, to access ASI Confidential Information."

11. Identify and describe all elements and/or features of ASI's product that ASI contends are proprietary to ASI and/or protectable trade secrets.

12. Identify all confidential trade secrets that ASI alleges OAPI has improperly misappropriated and misused.

13. Explain how the ASI INSIGHTS program functions when it is not connected to ASI's servers and what confidential information ASI contends would be available by way of unconnected use.

14. Identify and describe the process by which ASI designed and developed ASI's product, including the dates of such design and development and a description of any development done in collaboration with any other person.

15. Identify and describe all steps ASI has taken to maintain the secrecy or confidentiality of the alleged trade secrets associated with ASI's product, including a description of all steps taken to maintain confidentiality internally as well as with other persons and who it has shared the product with.

16. Identify each person who ASI intends to call as an expert witness at trial in this action, and for each such person, please state:
> (a) such person's name, address, occupation, and business address;
> (b) the subject matter concerning which such person is expected to testify;
> (c) the substance of the facts and opinions to which such person is expected to testify; and
> (d) a summary of the grounds for such person's opinions.

Dated: November 23, 2016

Interrogatories by,

s/Daniel P. O'Meara
Daniel P. O'Meara (PA ID 53535)
Janice G. Dubler (PA ID 76578)
Amanda D. Crawford (PA ID 320499)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7647
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the forgoing document to be served on the following person via e-mail and regular mail this November 23, 2016:

> Thomas B. Fiddler, Esq.
> White and Williams LLP
> One Liberty Place, Suite 1800
> 1650 Market Street
> Philadelphia, PA 19103
> fiddler@whiteandwilliams.com
> *Attorney for Plaintiff*

Dated: November 23, 2016                      s/ Amanda D. Crawford